IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| GARY L. QUIGG, | ) | Cause No. CV 05-14-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| THE MONTANA BOARD OF PARDONS | ) | |
| AND PAROLE; MIKE MAHONEY, | ) | |
| Warden of Montana State Prison; and THE | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On March 16, 2005, Petitioner Gary Quigg filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  Quigg is a state prisoner proceeding pro se.

Quigg challenges the Montana Parole Board's actions at a hearing on October 29, 2003, after which his parole was revoked and he was incarcerated.  The October 2003 hearing was his third hearing – following this Court's ordering of a new hearing on June 13, 2002, and the Montana Supreme Court's ordering of a new hearing on May 13, 2003 – on a report of violations that were alleged to have occurred in 1996.  *See* State's Excerpts of Record ("Exs.") 103-111 (*Quigg v.*

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

*Montana Bd. of Pardons*, No. CV 00-38-H-DWM (D. Mont. June 13, 2002)); Exs. 228-233 (*Quigg*

*v. Montana Bd. of Pardons and Parole*, No. 03-155 (Mont. May 13, 2003)).[1]

## I. Motion to Dismiss

On November 13, 2006, Respondents (hereafter "the State") filed a motion to dismiss the

case on the grounds that Quigg was paroled on May 11, 2006.   Quigg did not respond to the motion.

In *Burnett v. Lampert*, 432 F.3d 996 (9th Cir. 2005), an Oregon inmate challenged the State's

deferral of his scheduled parole release date.   He was released on parole while his federal habeas

petition was pending, then violated the conditions of his parole and was reincarcerated.   He argued

that his petition was not moot because the federal court could reduce his prison term if it found that

he should have been released on parole sooner than he was.   The Ninth Circuit disagreed:

> For us to accelerate Burnett's current parole release date . . . as he suggests, we would
> necessarily have to question either the validity of his original sentence . . . of his
> reimprisonment following his parole violation – two issues that are not before us.

*Id*. at 1000.

Likewise, in Quigg's case, the only possible form of relief the Court could provide at this

point would be to shorten Quigg's remaining time on parole.   Under *Burnett*, that is impossible.   The

State's motion to dismiss is well-taken.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

The State's motion to dismiss (doc. 21) should be GRANTED and Quigg's Petition should

---

[1]   The State's serial numbering of the Excerpts of Record greatly facilitates reference to
the exhibits and complies with D. Mont. L.R. 7.1(k) (eff. Dec. 1, 2004).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

be DISMISSED.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Quigg must immediately inform the Court and counsel for the Respondents of any change in his mailing address.  Failure to do so may result in dismissal of this action without notice to Quigg.

DATED this 29th day of January, 2007.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge

---

[2]  In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3