FILED
MISSOULA, MT

2007 MAR 20 PM 4 06

PATRICK E. DUFFY
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| Gary L. Quigg, | ) CV 05-14-H-DWM |
| | ) |
| PETITIONER, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| THE MONTANA BOARD OF PARDONS AND PAROLE; MIKE MAHONEY, Warden of Montana State Prison; and THE STATE OF MONTANA, | ) |
| | ) |
| RESPONDENTS. | ) |

Gary Quigg filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the Montana Parole Board's actions at a parole revocation hearing, after which Quigg's parole was revoked and he was incarcerated. Respondents moved to dismiss the petition, arguing the case was moot because Quigg was again paroled after the petition was filed. Quigg did not respond to the motion. United States Magistrate Judge Keith Strong entered Findings and Recommendation on January 29, 2007,

-1-

recommending that Respondent's motion be granted and Quigg's petition be dismissed. Judge Strong determined the only possible form of relief the Court could provide Quigg now that he has been released from incarceration is to shorten his remaining time on parole. Judge Strong concluded, however, that such relief was precluded by Ninth Circuit precedent. See Burnett v. Lampert, 432 F.3d 996 (9th Cir. 2005). Judge Strong's Findings and Recommendation indicated Quigg had twenty calendar days to file objections.

Quigg filed untimely objections to the Findings and Recommendation on February 23, 2007. In his objections, Quigg contends he did not respond to Respondent's motion to dismiss because he did not receive a copy of the document. Although Quigg did not respond to the motion to dismiss and his objections to the Findings and Recommendation are untimely, the Court will nevertheless review the record de novo in the interests of justice.

In his objections, Quigg indicates he is not seeking to have his period of parole supervision shortened. Instead, Quigg asserts he merely seeks a ruling that the October 29, 2003 parole revocation proceedings are invalid. Quigg argues this issue is not moot because there are possible adverse collateral consequences that flow from the proceeding. See Spencer v. Kemna, 523 U.S. 1, 14 (1998)(concluding petitioner who has been

released from incarceration must demonstrate "collateral consequences" of a parole revocation to establish a case or controversy for purposes of Article III). In particular, Quigg contends he may be subject to treatment as a persistent felony offender under Montana law for a longer period of time because of the parole revocation. This alleged collateral consequence, however, has previously been rejected by the Supreme Court because it is "contingent upon [petitioner's] violating the law, getting caught, and being convicted." Id. at 15. As the Supreme Court noted,

> we are . . . unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities [petitioners] will be prosecuted for violating valid criminal laws. We assume that [petitioners] will conduct their activities within the law and so avoid prosecution and conviction.

Id. (quotation omitted). Because Quigg does not allege sufficient collateral consequences to maintain the instant action, Judge Strong rightly recommended dismissing the petition.[1]

Accordingly, IT IS HEREBY ORDERED that Judge Strong's Finding and Recommendation are adopted in full. Respondents'

---

[1] Quigg erroneously contends Respondents bear the burden of demonstrating the absence of collateral consequences. The party initiating an action bears the burden of showing a present case or controversy, and thus, Quigg must demonstrate collateral consequences here. Spencer v. Kemna, 523 U.S. 1, 14 (1998); Public Service Co. of Colo. v. Shoshone-Bannock Tribes, 30 F.3d 1203, 1208 (9th Cir. 1994).

Motion to Dismiss (dkt #21) is GRANTED. Quigg's Petition for Writ of Habeas Corpus is DISMISSED.

Dated this 20 day of March, 2007.

_____
Donald W. Molloy, Chief Judge
United States District Court